UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ZACHARY BINCH,

    **Plaintiff,**

v.                                                         Case No: 5:23-cv-8-TJC-PRL

PNC BANK, N.A.,

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

Plaintiff, Zachary Binch, who is proceeding *pro se*, filed this purported action under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, against Defendant PNC Bank, N.A. (Doc. 1). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 3). Previously, upon noting deficiencies in Plaintiff's original complaint, I took Plaintiff's motion to proceed *in forma pauperis* under advisement and allowed Plaintiff to file an amended complaint. (Doc. 4). Plaintiff failed to file an amended complaint within the time permitted and has not cured the deficiencies in the original complaint. Accordingly, I recommend that Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be denied and his complaint dismissed.

    I.    LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However,

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

**II.    DISCUSSION**

As the Court observed in its prior Order (Doc. 4), Plaintiff's complaint (Doc. 1) is essentially five paragraphs where he purports to assert, in a conclusory fashion, claims under the FCRA (and possibly state law).[2] The complaint's factual allegations are largely confined to one paragraph, where the plaintiff makes the conclusory allegations that he:

> sent a written dispute on or about October 12, 2022, to Defendant, a data furnisher, disputing the completeness and/or accuracy of a tradeline by PNC Bank—account number 500304812025*, which was in consumer reports concerning Plaintiff prepared maintained and published to others by Defendant, and Defendant negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date in consumer reports concerning Plaintiff, and investigate, delete, or modify the disputed information, and provide a response to Plaintiff within 30 days of receipt of Plaintiff's dispute.

(Doc. 1 at ¶ 3). It appears that Plaintiff alleges that his bank account with PNC Bank appeared in a credit report, where three consumer reporting agencies ("CRAs") reported conflicting information for the account. (Doc. 1-1). Further, the plaintiff appears to allege that he found the conflicting information in the credit report inaccurate, so he sent notifications to PNC Bank (and the CRAs) disputing the accuracy of the information. (Docs. 1-2, 1-3, 1-4, & 1-5).

---

[2] It is unclear whether the plaintiff is asserting claims under state law, given that his first paragraph states "[t]his Court has jurisdiction over this action under state law and 15 U.S.C. § 1681p." (Doc. 1 at ¶ 1).

Although Plaintiff appears to attach a copy of his bank statement to the complaint to presumably show the alleged inaccuracies, it is illegible, preventing the court from treating it as a factual matter.

As an initial matter, Plaintiff's complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short and plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Although the plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

Next, it is unclear that the plaintiff has stated a claim for relief, as he fails to "allege under what provisions of the FCRA []he seeks to proceed, or how Defendant's alleged conduct would constitute a violation of any of the FCRA provisions." *Baker v. Spectrum*, No. 6:20-cv-1522-Orl-37LRH, 2020 WL 6276190, at *2 (M.D. Fla. Oct. 8, 2020), *report and recommendation adopted*, 2020 WL 6273701 (M.D. Fla. Oct. 26, 2020) (noting that not all FCRA subsections provide a private right of action). The complaint merely relies upon the entirety of 15 U.S.C. § 1681, without specifying which subsections warrant relief, requiring the Court to guess as to which subsections he claims are applicable. Without knowing the specific statutory sections that Plaintiff claims are applicable, the Court cannot adequately assess the sufficiency of the pleading.

Finally, assuming that the plaintiff seeks to exercise his private right of action against PNC Bank as a "furnisher of credit information," his allegations that he "sent [it] a written dispute" are contrary to stating a claim under FCRA § 1681s–2(b). (Doc. 1 at 1); 15 U.S.C. §

1681s-2(b); *Thakhavong v. Wells Fargo Bank*, N.A., No. 8:12-CV-01261-T-35AEP, 2013 WL 12387665, at *4 (M.D. Fla. Aug. 30, 2013), *report and recommendation adopted*, 2013 WL 12387649 (M.D. Fla. Oct. 15, 2013) (noting Wells Fargo Bank, N.A., was a furnisher of credit information). Under the FCRA, there is only "a private right of action for a violation of § 1681s–2(b), . . . if the furnisher received notice of the consumer's dispute from a consumer reporting agency." *Green v. RBS Nat. Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (citing 15 U.S.C. § 1681s-2(b)(1)); *see Schlueter v. BellSouth Telecommunications*, 770 F. Supp. 2d 1204, 1207-08 (N.D. Ala. 2010) (dismissing FCRA claim for failure to state a claim where plaintiffs failed to allege that credit reporting agency notified bank of reporting dispute). Therefore, it appears that the plaintiff has failed to state a claim for relief under the FCRA.

The Court previously advised Plaintiff of these deficiencies in the complaint and, in an abundance of caution, provided Plaintiff the opportunity to file an amended complaint. Plaintiff failed to file an amended complaint, and the time for doing so has expired.

### III. CONCLUSION

Accordingly, for the reasons explained above, Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) should be denied and his complaint dismissed.

Recommended in Ocala, Florida on March 8, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy